Ginz *v.* Stumph *et al.*

---

No. 7483.

Ginz *v.* Stumph et al.

Assignment.—*Stock.*—*Building Association.*—An assignment of stock in a building association may be shown to have been for the purpose of collateral security merely, though made, and even if required by the rules of such association to be made, absolute in terms.

From the Marion Superior Court.

*J. S. Reed, I. Klingensmith, C. Coulon* and *C. J. Coulon*, for appellant.

*R. B. Duncan, C. W. Smith* and *J. S. Duncan*, for appellees.

Woods, J.—The appellees recovered judgment against the appellant upon a promissory note, and upon appeal to the general term the judgment of the special term was affirmed. The only contention is, whether the finding and

judgment is according to the law and the evidence of the case ; and, made more narrow still, the dispute is whether the assignment of two shares of stock in a building association, made by the appellant to the appellees, was made absolutely and in payment of the note, or only as a collateral security for the payment thereof. There is ample evidence in the record on both sides of this question, and that being so, it is settled by cases too numerous and common to justify citation, that this court can not review or reverse the action of the court which tried the case. The fact that the assignment was absolute in terms did not conclude the question, and notwithstanding the declaration of the officers of the association, that the stock could not be assigned as a security or collateral, it was competent for the parties to make a transfer for such purpose; though made, and even if required by the rules of the association to be made, in absolute form.

Judgment affirmed, with costs.